SOSA v. THE AMERICAN RAILROAD COMPANY OF PORTO RICO.

APPEAL from the District Court of Aguadilla.

No. 68.—Decided April 8, 1907.

APPEAL—ORDERS OR DECISIONS OF AN INTERLOCUTORY NATURE—EXCEPTION.—Although according to the provisions of section 305 of the Code of Civil Procedure the court, in addition to reviewing the order appealed from, may review any other interlocutory order or decision possessing the character required by the said article, it must be understood that this is only when an exception to the order overruled has been entered, as otherwise it will be deemed to have been consented to and cannot be considered on appeal.

ACCIDENTS—DAMAGES AND LOSSES—FAILURE TO COMPLY WITH CONTRACT.—The provisions of section 6 of the Employers' Liability Act are applicable where the action brought is for the purpose of requiring the employer to assume

the responsibility imposed on him by law for the injuries or death sustained by the employee, but it is not applicable where the liability is incurred from some other or different cause, such as failure to comply with a contract entered into with the employer.

ID.—CAUSE OF ACTION.—In the case at bar the plaintiff bases his cause of action upon the failure of his employer to comply with a contract entered into with him and whereby he bound himself to keep the employee in work so long as he should not demand payment of the indemnity provided for by law for injuries sustained by the plaintiff. *Held:* That the provisions of section 6 of the Employers' Liability Act are not applicable to this case, and failure to comply therewith is not a ground for demurrer alleging that plaintiff has no cause of action.

The facts are stated in the opinion.

*Mr. Lino Vázquez* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

On March 24, 1906, Juan R. Sosa brought an action in the District Court of Aguadilla on behalf of his minor son, Miguel Elias Sosa y Cajigas, through his counsel, Lino Vázquez, to recover damages for nonperformance of a contract. The complaint was based on the following facts:

"1. On October 1, 1905, the assistant manager of said company, Jorge Servajean, who is also in charge of the work under execution between said city and Camuy, agreed, as the representative of said company, with the plaintiff and his father, in consideration of his abstention from bringing an action for damages against said company, now the defendant, for the loss of three fingers of his left hand while working in the service of the company, that the plaintiff could remain an employee of the company as long as he might choose to do so, according to said verbal contract.

"2. On·October 1, 1905, said plaintiff entered the service of the defendant company under said contract, and continued in the service thereof until February 15, and was willing to continue longer.

"3. That on February 15, 1906, the defendant company, through the said Servajean and without any cause, discharged the plaintiff and refused to let him continue in its service in the manner agreed, notwithstanding the offer of the plaintiff to continue rendering such services; and such act has caused the plaintiff damages in the sum of $1,000.

"For these reasons he concluded with the prayer to the court that it admit the complaint and order a copy thereof to be served on A. Duval, of San Juan, Porto Rico, the manager of the company, summoning him to make answer thereto within 20 days, and that in due time judgment be rendered in favor of the plaintiff, adjudging the defendant company to pay $1,000 as indemnity for the damages caused him and in compensation for his physical and mental sufferings, and to pay the costs."

On March 27 of the same year notice of the complaint was served on the defendant company in the person of its manager, A. Duval, as the representative of said company, in his office in this city of San Juan, a copy of the complaint and a summons being delivered to him, the latter containing the admonition that if he failed to appear to make answer within 20 days, the plaintiff would be entitled to judgment in his favor in the sum of $1,000, in accordance with the prayer of the complaint.

On the 17th of the following month of April, as the defendant company had not made answer to the complaint, the plaintiff filed a petition with the secretary of the court, praying that the default of said defendant company should be entered, which the secretary did on the said 17th of April.

On the 20th of the same month, the defendant company filed its answer denying the fundamental allegation of the complaint in so far as it alleges that the assistant manager of said company, J. Servajean, had made an agreement with the plaintiff to give him work as long as he wished it, in consideration of an agreement by plaintiff not to bring an action against the company to recover for the loss of three fingers while in its service; that if the plaintiff lost three fingers, he received said injury while not working in the service of the company, and through his own recklessness and negligence; and that the plaintiff left the service of the company because he was not suited to the work on which he had been put, for which reason the defendant prayed the court to dismiss the complaint, with the costs against the plaintiff;

and as the secretary refused to admit said answer because the default had already been entered, the defendant company then filed a motion to set aside the default and admit the answer on the ground that the defendant company having filed a petition during the period of citation, for the transfer of the action to the United States Court for Porto Rico, which petition had not been submitted to the court for a hearing or decision, the defendant had withdrawn the same and filed an answer in due time, inasmuch as the petition for the transfer had not yet been heard or decided, the period for the citation not having expired if holidays were deducted; that notwithstanding this the secretary had refused to admit the answer because it had not been filed in time, the default of the defendant being entered instead; and that in furtherance of justice and in accordance with the provisions of section 140 of the Code of Civil Procedure, the defendant prayed the court to set aside the default entered by the secretary, and directed him to receive the answer which had been filed and of which the plaintiff had received the proper copy. The court rendered the following decision on this motion:

"After having heard the motion of the defendant to set aside the default entered by the secretary and to admit the anwser to the complaint; after having heard the plaintiff in opposition thereto; after having considered all the facts of the case and the petition of Attorney Dexter on behalf of the American Railroad Company of Porto Rico for the transfer of this matter to another court, which petition was filed within the period of the citation and was not discussed because not made in legal form, in open court, by motion, or in some other proper manner, with service of notice on the parties; and the court holding in its discretion that the American Railroad Company of Porto Rico should be heard in its defense, orders that the default entered by the secretary be set aside, and that the answer to the complaint be admitted until further order of the court, the costs to be shared equally by both parties—that is to say, by the plaintiff and the defendant."

The complaint having been amended by leave of the court and the consent of the opposite party, in the sense that the

real name of the plaintiff was Miguel Elias Sosa y Cajigas
and not Miguel Amelio Sosa y Cajigas, as it appears in the
complaint, the trial was had and the evidence admitted, and
at this stage of the proceedings counsel for the defendant
company, Franco Soto, made, on June 4, the following
motion:

"The company, through its attorney, respectfully alleges that the
complaint does not state facts sufficient to constitute a cause of action.
This demurrer is based on the fact that the plaintiff has not complied
with section 6 of the act in relation to the liability of employers for
injuries sustained by employees while in their service, approved
March 1, 1901.   Therefore, I pray the court to dismiss the complaint,
with the costs against the plaintiff."

On June 5 the court rendered the following decision on
motion:

"The court makes the following order upon the motion filed yes-
terday by Franco Soto: After having heard the written motion filed
by the American Railroad Company of Porto Rico, when all the evi-
dence had been heard at the trial, the arguments advanced in opposi-
tion to the plaintiff, after having read the allegations of the complaint
and those of the answer, the court holds that the law and the facts
are in favor of the defendant, and consequently sustains the demurrer,
with the costs against Miguel Elias Sosa, and directs the secretary to
enter the order."

The order having been entered in this sense—that is to
say, sustaining the exception and dismissing the complaint
with the costs against the plaintiff—counsel for the latter
took exception thereto.

From this decision counsel for the plaintiff took an
appeal, and the record having been presented in this
Supreme Court with a statement of facts approved by the
judge containing the amendments proposed by the respond-
ent; and the appellant's brief having been filed, a day was
set for the hearing, which was had with the attendance of
counsel for the appellant only.

The latter prays in his brief, in the first place, that the order of the District Court of Aguadilla of April 22 of last year, vacating the default of the defendant company and admitting its answer to the complaint, presented a number of days after the default had been entered by the secretary of said district court, be set aside. But the Supreme Court can do nothing in the matter; because although section 305 of the Code of Civil Procedure prescribes that on an appeal from a judgment the appellate court may review the decision appealed from, and any intermediate order or decision of the character mentioned in said section, this is understood when the decision contested has been excepted to, as required by said section; and in this case the record does not contain the slightest indication that the appellant had excepted to said decision of the court, for which reason it was acquiesced in and consequently cannot be the subject of this appeal.

Such is not the case with reference to the other decision of June 5 of the said year, which is that appealed from and which the appellant in his brief also seeks to have set aside.

By this decision the District Court of Aguadilla sustained the demurrer of the defendant company that the complaint did not state facts sufficient to constitute a cause of action, for the reason that the plaintiff had failed to comply with the provisions of section 6 of the act approved March 1, 1901, in relation to the liability of employers for injuries sustained by employees in the cases provided for in said act.

Counsel for the appellant took exception to this decision of June 5 the moment it was announced by the judge of the judge of the district court, and consequently he is in a perfect position to contest it.

It is true that the act to which the decision appealed from refers provides in section 6 thereof:

"That no action for the recovery of damages for injury or death under the provisions of this act shall be maintained unless notice of the time, place and cause of the injury is given to the employer

within 30 days after the injury is received or unless it is commenced within six months from the date of injury;"

but this is to be understood when the action exercised in the complaint is to enforce the liability of the employer which the law imposes on him for the injury or death of an employee due to any of the accidents of work to which the said law refers, but not when the liability which it is sought to enforce is derived from a different cause, as in the present case, where it is sought to recover damages for nonperformance of a contract entered into with the employer, according to which the latter had obligated himself to keep in its service an employee who had lost the use of one hand as a consequence of an accident sustained while engaged in his work, provided the employee did not bring an action to recover the damages established by the law for the injury suffered, which obligation it is alleged the employer violated by discharging the employee from its service without any cause therefor, by which violation the plaintiff claims to have suffered damages in the sum of $1,000.

In this case, it appears to be clear that the provisions of section 6 of the act upon which the District Court of Aguadilla bases its decision is not applicable, and consequently, a failure to comply therewith cannot be alleged in support of a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action, which the judge of the District Court of Aguadilla sustained in this case by his order of June 5.

We hold, therefore, that this decision, which constitutes the subject of this appeal, and which, as we said before, was duly excepted to by the appellant, should be set aside, and that under such circumstances, in accordance with the provisions of section 2 of the Act of the Legislative Assembly of this Island, of March 8, 1906, amending sections 43 and 306 of the Code of Civil Procedure, it would devolve on this court to render the judgment which the lower court should

have rendered, but as, on the other hand, said section of the
act cited excepts cases in which it is necessary that some
matters of fact be ascertained, or the damage to be assessed,
or the matter to de decreed, is uncertain, in any of which
cases the cause should be remanded for a new trial in the
court below, and as the case under consideration is included
in these exceptions, for the reason that the elements of proof
necessary to determine the amount of the damages to be
recovered in the complaint, in the event that the latter were
finally sustained, were not adduced at the trial, for all these
reasons the court holds that the decision appealed from of
June 5 last should be set aside, and the cause remanded to the
court below for review, in such sense as it may consider
proper under the law.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf con-
curred.